**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THE STATE UNIVERSITY OF**
**NEW YORK,**

                               **Plaintiff,**

                  **v.**

**TRIPLE O, LLC et al.,**

                         **Defendants.**

_____

**1:19-cv-1385**
**(GLS/DJS)**

## <u>SUMMARY ORDER</u>

Plaintiff the State University of New York (SUNY) commenced this action against defendants Triple O, LLC, James Scott, Romario McDowell, and Mandela Gadsden, alleging claims of trademark infringement, false designation of origin, palming off, dilution, and unfair competition.  (Compl., Dkt. No. 1.)  Defendants failed to timely answer the complaint, resulting in the Clerk of the Court entering default against them on December 16, 2019.  (Dkt. No. 12.)  On March 11, 2020, the court granted SUNY's motion for default judgment, (Dkt. Nos. 20, 21), and, on October 22, 2020, the court granted SUNY's unopposed motion for attorneys' fees, (Dkt. No. 23), and ordered defendants to pay SUNY attorneys' fees in the amount of $30,482 and costs in the amount of $728.06, (Dkt. Nos. 24,

25).  Now pending is defendants' motion to vacate the Clerk's entry of

default and default judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b)(1)

and (6).  (Dkt. No. 27.)  For the reasons that follow, defendants' motion is

denied.

As relevant here, Fed. R. Civ. P. 60(b) authorizes a court to "grant a

motion for relief from a judgment on the ground[s] of '[mistake,

inadvertence, surprise, or] excusable neglect,' Fed. R. Civ. P. 60(b)(1), or

for 'any other reason justifying relief from the operation of the judgment,'

Fed. R. Civ. P. 60(b)(6)."  *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir.

1998).  Motions to vacate default judgments are "addressed to the sound

discretion of the district court," and such determination is to be guided by

three principal factors: "(1) whether the default was willful, (2) whether the

defendant demonstrates the existence of a meritorious defense, and (3)

whether, and to what extent, vacating the default will cause the

nondefaulting party prejudice."  *Id.* (citations omitted).  These are the same

factors to be considered when deciding a motion to set aside a default

under Fed. R. Civ. P. 55(c), but "courts apply the factors more rigorously in

the case of a default judgment because the concepts of finality and

2

litigation repose are more deeply implicated in [that] action." *Enron Oil*

*Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citation omitted).

The party seeking to vacate the default judgment "bear[s] the burden

of demonstrating that their default was not willful, that they have

meritorious defenses, and that no prejudice would result from reopening

the judgment." *State Street Bank and Trust Co. v. Inversiones Errazuriz,*

*Limitada*, 230 F. Supp. 2d 313, 316 (S.D.N.Y. 2002) (citing *Sony Corp. v.*

*Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)).  "This

burden is not trivial: if the moving party fails to make even one of the three

aforementioned showings, vacatur should be denied." *Id.* (citation

omitted).

## A.    **Rule 60(b)(1)**[1]

Defendants argue that the default judgment should be vacated

pursuant to Rule 60(b)(1) "because the default [w]as not willful but

---

[1]  The analysis in this Summary Order focuses on Rule 60(b), because, generally, the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b).  *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981).  Thus, as explained herein, because defendants' motion fails under Rule 60(b), it fails under Rule 55(c) as well.

excusable, there [a]re meritorious defenses, and SUNY would not [b]e prejudiced." (Dkt. No. 27, Attach. 1 at 5-10.)  In response, SUNY argues that defendants willfully defaulted because the default "resulted from [defendants'] deliberate conduct"; defendants only sought to hire an attorney after attorneys' fees and costs were imposed upon them, and any arguments to the contrary are contradicted by the record; defendants present no meritorious defense to SUNY's claims; and SUNY would be prejudiced if the court vacated the default judgment.  (Dkt. No. 28 at 8-15.) Assuming, without deciding, that SUNY would not be prejudiced if vacatur were granted, because the other two factors weigh in favor of SUNY, as explained below, defendants' motion is denied.

     *1.*   *Willfulness*

In advancing their argument that they did not willfully default, defendants contend that they "hired a lawyer who they knew and had worked with before," "[t]hey reasonably believed and relied on the attorney to handle their defense," and they "only realized that the attorney they hired was not, in fact, handling their defense, when they received a notice of default judgment in the mail." (Dkt. No. 27, Attach. 1 at 6.)  According to defendants, they did not receive court papers in the mail except for the

4

notice of the default judgment.  (*Id.* at 6-7.)  Defendants also maintain that

they "fully intended to appear through counsel and hired a lawyer to mount

a defense," their "former counsel had handled other matters for them in the

past, and they trusted him," and they "had no reason to believe that their

former lawyer would drop the ball by failing to appear and answer SUNY's

[c]omplaint."  (*Id.* at 7, 9-10.)

In opposition, SUNY argues that defendants have not provided any

legitimate evidence of having hired counsel at any time prior to the filing of

their current motion to vacate.  (Dkt. No. 28 at 8.)  SUNY also points to

Scott's letter dated January 2, 2020, wherein he stated that he "intend[ed]

on being represented by a lawyer and request[ed] that the court give [him]

more time so [he] can digest the information included in the documents

served and seek the appropriate legal representation."  (Dkt. No. 14.)

Indeed, this letter, filed about eight weeks after SUNY filed the complaint

and about two weeks after the Clerk entered default against defendants,

belies defendants' assertion that they had hired counsel after being served

with the complaint, and followed up with the alleged attorney throughout,

(Dkt. No. 29 at 5-6).

Further, to the extent defendants argue that "it was their lawyer's

choice, either willfully or unwil[l]fully, to ignore his duty to his clients," (Dkt.

No. 29 at 5-6), such argument is unavailing.  Indeed, "[d]istrict courts in this

Circuit . . . have held that attorney or client carelessness does not

constitute excusable neglect."  *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d

57, 61 n.1 (2d Cir. 1996) (citations omitted).  "[W]here the attorney's

conduct has been found to be willful, the willfulness will be imputed to the

party himself where he makes no showing that he has made any attempt to

monitor counsel's handling of the lawsuit."  *McNulty*, 137 F.3d at 740; *see*

*Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir. 1978)

("Unfortunately, appellant is bound by the inexcusable conduct of her

counsel, since there is no particularized showing of exceptional

circumstances explaining his gross negligence and no indication of diligent

efforts by appellant to induce him to fulfill his duty.").

Lastly, as to defendants' contention that they did not receive any

court filings in the mail until the notice of default judgment, as explained by

SUNY, (Dkt. No. 28 at 8-9), the record reflects that defendants were

served with the complaint individually/personally, (Dkt. Nos. 7-10), and

other notices and orders were served via regular mail to one or more of

defendants at the same address as where the complaint was served, (*see,*

6

*e.g.,* Dkt. Nos. 15, 17, 18, 19, 24, 25).[2]  Defendants' argument that "the

pandemic has ravaged the United States Postal Service, so it is hard to

believe that un-certified mail was delivered anywhere with any certainty,"

(Dkt. No. 29 at 6), in support of their assertion that they received only the

notice of the default judgment, is unpersuasive.  Accordingly, defendants

have failed to establish that their default was not willful.

> 2.   *Meritorious Defense*

Defendants' contention that they have a meritorious defense is also

unavailing.  Defendants maintain that they stopped using the alleged

infringed upon trademarks and that SUNY "cannot point to a single

trademark that [d]efendants in fact used[] in violation of their promise to not

---

[2]  Also pending is SUNY's letter motion requesting the court's consideration of two Twitter post screenshots to support SUNY's contention that defendants were aware of the default judgment as early as April 29, 2020—not on November 2, 2020, as asserted by defendants. (Dkt. No. 30.)  In response, defendants filed a letter motion requesting that the court deny SUNY's request.  (Dkt. No. 31.)  The screenshots provided by SUNY indicate that these posts were made on April 29, 2020, well before SUNY filed its opposition to the motion to vacate on December 21, 2020.  (Dkt. No. 28.)  SUNY's letter motion, (Dkt. No. 30), is granted, and defendants' letter motion, (Dkt. No. 31), is denied.  Although the screenshots may show knowledge on behalf of defendants, the court does not afford great weight to them, because, as explained throughout, defendants' arguments as to willfulness are unavailing, and they have failed to establish a meritorious defense to SUNY's claims.

use SUNY's trademarks." (Dkt. No. 27, Attach. 1 at 8.) They state that they "complied with the terms of the cease [and] desist, and the Entry of Default and Default Judgment should be vacated so that [d]efendants can assert its meritorious defenses against SUNY, namely, that [d]efendants never infringed on [SUNY's] trademark after [SUNY] sent [d]efendants a cease and desist letter." (*Id.*) Defendants also argue that SUNY "does not, and cannot, allege that it has a trademark over the acronym, 'UA.'" (*Id.* at 7.)

In response, SUNY argues that defendants do not raise or explain any type of defense, and, to the extent defendants argue that they stopped using SUNY's trademarks after SUNY sent a cease and desist letter, and that SUNY does not own the "UA" trademark, such arguments are incorrect and do not constitute a meritorious defense. (Dkt. No. 28 at 12-15.) The court agrees.

Indeed, SUNY's cease and desist letter was sent to defendants on May 15, 2019, (Dkt. No. 1, Attach. 9), but SUNY alleges that defendants continued to infringe thereafter. (Compl. ¶¶ 46-48; Dkt. No. 1, Attach. 12; Dkt. No. 18, Attach. 4.) And, even if defendants did cease all use of SUNY's trademarks after May 15, 2019, this is not a complete defense to

SUNY's claims, because SUNY's claims encompass conduct before and after the cease and desist letter.  (*See, e.g.,* Compl. ¶¶ 28, 32, 36; Dkt. No. 28 at 12-13.)  Similarly, although defendants maintain, in conclusory fashion, that SUNY does not own the "UA" trademark, defendants offer no defense to any of the other twenty-six counts in the complaint.

In sum, defendants submit no credible evidence in support of their assertions.[3]  *See State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F. App'x 453, 456 (2d Cir. 2011) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." (citing *Enron*, 10 F.3d at 98)); *Sony Corp.*, 800 F.2d at 320-21 ("Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts.").  Because defendants' assertions "amount[] to little more than conclusory denials," they are insufficient to show the existence of a meritorious defense.  *See*

-------------------

[3]  Defendants explicitly state that "[i]n reality, the Court has not seen any evidence from [d]efendants."  (Dkt. No. 27, Attach. 1 at 9.)

*New York v. Green*, 420 F.3d 99, 109-10 (2d Cir. 2005).

**B.     Rule 60(b)(6)**

Finally, defendants fail to satisfy the requirements for relief pursuant to Rule 60(b)(6).  Rule 60(b)(6) "provides, in relevant part, that 'on such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for . . . any other reason . . . justifying [such] relief." *Pena v. Travis*, No. 1:03CV0564, 2005 WL 1843264, at *3 (N.D.N.Y. Aug. 2, 2005) (citation omitted).  "Rule 60(b)(6) is not to be used 'if there is any other reason [under categories (1) through (5) ] justifying relief from the judgment.'"  *Id.* at *3 n.5 (quoting *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55-56 (2d Cir. 1989)).

Here, the grounds stated, which purport to be "mistake" and "excusable neglect," are covered under 60(b)(1), and, thus, 60(b)(6) cannot provide relief.  *See Maduakolam*, 866 F.2d at 55-56.  In any event, defendants do not allege any extraordinary circumstances.  *See Manney*, 2012 WL 4483092, at *5 ("A party seeking to avail itself of the relief under Rule 60(b)(6) must demonstrate that extraordinary circumstances warrant relief." (internal quotation marks and citations omitted)); *Pena*, 2005 WL 1843264, at *3 ("[R]elief under [Rule 60(b)(6)] is appropriate only in cases

10

presenting extraordinary circumstances." (internal quotation marks and citations omitted)).

Based on the foregoing, defendants have failed to establish that they are entitled to relief under Rule 60(b), and the motion to vacate is denied.

Accordingly, it is hereby

**ORDERED** that defendants' motion to vacate the Clerk's entry of default and default judgment (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that SUNY's letter motion requesting consideration of evidence in opposition to the motion to vacate (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED** that defendants' letter motion in opposition to SUNY's request for consideration of evidence in opposition to the motion to vacate (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 2, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

11